**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TANNIE S.  JACKSON,<br>        Appellant, | DOCKET NUMBER<br>AT-1221-18-0334-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: May 28, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tannie S. Jackson, Columbia, South Carolina, pro se.

Eric J. Teegarden, Fort McCoy, Wisconsin, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in connection with her individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis in support of his finding that the agency met its burden of proof, we AFFIRM the initial decision.

## BACKGROUND

The appellant filed a whistleblowing complaint with the Office of Special Counsel (OSC) regarding what she described as the toxic leadership of her immediate supervisor, the Director of the Department of Human Resources (DHR), and the Chief of the 81st Readiness Division, about which she had filed a complaint with the agency's Office of Inspector General (OIG). Initial Appeal File (IAF), Tab 1 at 11, Tab 15 at 9. She alleged to OSC that, because of her OIG complaint, the agency had directed her lateral reassignment from her current supervisory position to a nonsupervisory position. IAF, Tab 1 at 14-16. After OSC notified the appellant that it had ended its inquiry into her allegations, *id.* at 20, she filed a Board appeal, IAF, Tab 1. Following the hearing she requested, the administrative judge issued an initial decision in which he denied the appellant's request for corrective action. IAF, Tab 28, Initial Decision (ID) at 1, 19. The administrative judge found that the appellant proved that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when she filed her OIG complaint, and that, based on knowledge and timing, she also proved that that activity was a contributing factor in the agency's decision to reassign her.

ID at 8-9. The administrative judge found, however, that the agency proved by clear and convincing evidence that it would have reassigned the appellant, even absent her protected activity. ID at 13-19.

On review, the appellant challenges the administrative judge's finding that the agency met its burden of proof.[2] Petition for Review (PFR) File, Tab 4 at 5-12. The agency has responded to the appellant's petition. PFR File, Tab 9.

## ANALYSIS

In finding that the agency proved by clear and convincing evidence that it would have reassigned the appellant even absent her protected activity, the administrative judge acknowledged that the Board applies the factors set forth by our reviewing court in *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999). *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010); ID at 7. Those factors are: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323.

Regarding *Carr* factor (1), the strength of the agency's evidence in support of the appellant's reassignment, the administrative judge found that the agency's evidence was supported by the independent findings of the individual assigned to conduct the OIG investigation. ID at 11; IAF, Tab 6 at 38-47. The administrative judge quoted substantially from the investigating officer's report, including her finding that a number of the witnesses she interviewed stated that the appellant did not always treat subordinates with dignity and respect, as evidenced by accounts of meetings and one-on-one interactions with her as well as email traffic, and that this behavior negatively impacted the climate of the command;

---

[2] We have not considered the two supplements the appellant filed after she filed her petition, Petition for Review File, Tabs 5-6, because they are untimely with no good cause shown, *see* 5 C.F.R. § 1201.114(g).

that she failed to ensure the well-being of her subordinates, and that, at times, she could be perceived as overbearing and authoritarian; that she sometimes admonished personnel in a harsh manner, evidencing a lack of supervisory skills; that her behavior created fear, intimidation, and avoidance among staff; and that her frequent criticism of her supervisor and the Division Chief caused a negative climate within the Division. ID at 13-15; IAF, Tab 6 at 40-42. The administrative judge considered the testimony of the investigating officer, Hearing Compact Disc (HCD) (testimony of the investigating officer), which was in accord, finding it to be succinct, forthright, and completely credible. ID at 16. The administrative judge also considered the testimony of the Chief of Staff who directed the appellant's reassignment to the effect that there were two other bases for his taking the action against her besides the results of the investigation, that is, a 2015 "climate study" that revealed problems in the manner in which she managed her subordinates, and a letter of admonishment he issued her for her hiring practices. HCD (testimony of the Chief of Staff); ID at 17. The administrative judge determined that the Chief of Staff's testimony was credible and persuasive. ID at 18. The administrative judge concluded that the agency presented strong evidence in support of its action. ID at 13.

On review, the appellant argues that the investigating officer was not independent because she reported to the Chief of Staff. PFR File, Tab 4 at 5. As noted, the administrative judge found the investigating officer's testimony to be credible. ID at 16; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). It is well established that the Board must give due deference to an administrative judge's credibility findings when, as here, they are based explicitly or implicitly on the observed demeanor of witnesses at a Board hearing, and that the Board may overturn such determinations only when it has sufficiently sound reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's claim that negative implications necessarily arise because the investigating officer reported to the Chief of Staff is speculative and

does not provide a sufficiently sound reason not to defer to the administrative judge's credibility findings.

The appellant also challenges on review certain features of the investigation. For example, she argues that the individual interviewed whose statement was identified as Statement D and who allegedly complained about the appellant, IAF, Tab 6 at 40-42, did not mention her by name, PFR File, Tab 4 at 10, and, in fact, the appellant appears to be correct as to this individual, IAF, Tab 18 at 75-82. The appellant also alleges that others who were interviewed during the investigation and who allegedly complained about her, Statements G, I, O, and P, did not have daily contact with her. She acknowledges, however, that they expressed negative opinions about her. PFR File, Tab 4 at 10-12. And, the appellant questions the investigator's reliance on the statements made by the appellant's immediate supervisor and the Division Chief, PFR File, Tab 4 at 12, because those individuals were the subject of the investigation.

On review, the appellant maintains that the climate survey "was nothing more than a venue for a disgruntled employee to complain," and found no issues with her performance. PFR File, Tab 4 at 16. She testified during the hearing, however, that she was told that some of her subordinates believed that she displayed favoritism toward certain employees.[3] HCD (testimony of the appellant). The appellant has not provided a genuine challenge to the testimony of the Chief of Staff regarding this survey, testimony which, as we have noted, the administrative judge found credible and persuasive. ID at 18.

The admonishment the Chief of Staff issued to the appellant on June 18, 2015, IAF, Tab 20 at 109, was for conducting a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(12) (taking a personnel action in violation of any law, rule, or regulation implementing or directly concerning the

---

[3] The administrative judge found that no documentary evidence of this survey was cited by the parties, and that he could not locate it in the record. ID at 17. Nor can we.

merit system principles of 5 U.S.C. § 2301). Specifically, according to the admonishment, the appellant, in communications with a staffer, gave the appearance that she had been "preselected" for a particular position. *Id.* On review, the appellant states only that the admonishment was to appease her supervisor who wanted the appellant suspended for trying to correct an erroneous transaction. PFR File, Tab 4 at 15. She does not, however, directly address the basis for the admonishment.

In any event, to the extent the appellant challenges the agency's assessment of how she performed as a supervisor, the relevant inquiry in an IRA appeal is not whether the appellant committed any actual misconduct, but whether the agency had strong evidence to support its personnel action. *See Yunus v. Department of Veterans Affairs*, 84 M.S.P.R. 78, ¶ 12 (1999), *aff'd*, 242 F.3d 1367 (Fed. Cir. 2001). An agency may direct an employee's reassignment, without a reduction in grade or pay, in a manner consistent with its rules and regulations and any applicable collective bargaining agreement, as long as the reassignment is based on legitimate management reasons. *Shenwick v. Department of State*, 92 M.S.P.R. 289, ¶ 11 (2002). The Chief of Staff's testimony reflects that his decision was influenced by the results of the investigation, the climate survey, and the letter of admonishment he issued to the appellant. HCD (testimony of the Chief of Staff). Having reviewed all the evidence of record, we find that the appellant has not shown error in the administrative judge's finding that the agency presented strong evidence in support of its legitimate business reasons for the appellant's reassignment.

Regarding *Carr* factor (2), the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision, the administrative judge stated that he perceived no retaliatory motive on the part of the agency officials involved. ID at 19. He considered the Chief of Staff's testimony that, although it was recommended that the command take disciplinary action against the appellant up to removal, he elected only to reassign her because

he viewed her as an intelligent and valued employee who greatly contributed to the organization, but that, based on the results of the investigation, the climate survey, and the admonishment, he concluded that she was not well-suited for a supervisory position. The administrative judge also considered the Chief of Staff's testimony that he consulted with the Commanding General and the Staff Judge Advocate's Office before directing the appellant's reassignment. HCD (testimony of the Chief of Staff); IAF, Tab 6 at 35-36.

On review, the appellant essentially counters the administrative judge's assessment of a lack of retaliatory motive, claiming that the OIG complaint reflected poorly on the Chief of Staff as the "senior official in the building on a day to day basis" because he allowed "the situation" to escalate. PFR File, Tab 4 at 18. Although the Chief of Staff was not implicated in the IG complaint, IAF, Tab 5 at 38, it is reasonable that the appellant's comments that were generally critical of her supervisor and the Division Chief would reflect poorly on upper management, *see Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013). Therefore, while we acknowledge the administrative judge's finding that the Chief of Staff testified credibly regarding his view of the appellant's contributions to the organization, we find that he had at least a slight motive to retaliate against her for filing the OIG complaint.

Finally, the administrative judge made no findings as to *Carr* factor (3), any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. However, the only other individuals called out during the investigation for bad work-related deeds, but who were not whistleblowers, were not similarly situated to the appellant because she engaged in other misconduct. For example, the investigator recommended that the appellant's supervisor be issued an Official Written Reprimand for failure to address improper treatment of staff or other inappropriate conduct within DHR and allowing nepotism to influence an award submission for the husband of the Division Chief, and that the Division Chief be suspended from duty for

committing a prohibited personnel practice. IAF, Tab 6 at 46. Instead, the Chief of Staff issued Memoranda of Concern to both the appellant's supervisor and the Division Chief for their failure to foster a healthy command climate within the directorate. IAF, Tab 19 at 56, 58. While the appellant's directed reassignment was harsher than the Memoranda of Concern that were issued to her supervisor and the Division Chief, unlike those individuals, the appellant's reassignment was also based on other factors, specifically, the climate survey that revealed problems with her management of her subordinates and her prior admonishment. HCD (testimony of the Chief of Staff). For that reason, those two individuals are not similarly situated to the appellant.[4] Therefore, *Carr* factor (3) is insignificant. *Runstrom v. Department of Veterans Affairs*, 123 M.S.P.R. 169, ¶ 18 (2016) (finding that, due to the lack of evidence that there were any employees similarly situated to the appellant, the third *Carr* factor was not significant for the analysis of that case).

Weighing the three *Carr* factors together, and notwithstanding the slight motive to retaliate on the part of the Chief of Staff, we find, based on the strength of the agency's evidence in support of the appellant's reassignment and the insignificance of *Carr* factor (3), that the agency demonstrated by clear and convincing evidence that it would have reassigned the appellant absent her protected activity. We therefore find that the administrative judge properly denied the appellant's request for corrective action.[5]

---

[4] On review, the appellant refers to a WG-10 Heavy Mobile Equipment Mechanic Inspector who she claims received a reduced suspension for discourtesy. PFR File, Tab 4 at 18. The limited information the appellant has provided regarding this individual suggests that he also is not similarly situated to her.

[5] Because we agree with the administrative judge's ultimate disposition, we have made no findings on the timeliness of the appellant's petition for review.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.